# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARTER COMMUNICATIONS, INC., WIDEOPENWEST FINANCE LLC a/k/a WOW! INTERNET, CABLE & PHONE, KNOLOGY, INC., CEQUEL COMMUNICATIONS, LLC, d/b/a SUDDENLINK COMMUNICATIONS, and CABLE ONE, INC. | |
| Plaintiffs, | Civil Action No. 1:14-cv-55 SLR |
| v. | |
| ROCKSTAR CONSORTIUM US LP, BOCKSTAR TECHNOLOGIES LLC, CONSTELLATION TECHNOLOGIES LLC, AND SPHERIX INCORPORATED | |
| Defendants. | |

---

## SPHERIX INCORPORATED'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND JOINDER WITH ROCKSTAR CONSORTIUM AND CONSTELLATION TECHNOLOGIES' MOTION TO DISMISS (D.I. 20)

OF COUNSEL

Donald Puckett
**SKIERMONT PUCKETT LLP**
2200 Ross Avenue, Suite 4800W
Dallas, Texas 75201
(214) 978-6600 Telephone
(214) 978-6601 Facsimile
donald.puckett@skiermontpuckett.com

Date: April 7, 2014

YOUNG CONWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Monte T. Squire (No. 4764)
Gregory J. Brodzik (No. 5722)
Rodney Square
100 N. King Street
Wilmington, Delaware 19801
(302) 571-6600 Telephone
(302) 571-1253 Facsimile
apoff@ycst.com
msquire@ycst.com
gbrodzik@ycst.com

*Counsel for Spherix Incorporated*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

SUMMARY OF ARGUMENT ...................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 3

LEGAL STANDARDS .................................................................................................... 4

ARGUMENT ..................................................................................................................... 5

1.   Plaintiffs' own allegations confirm that Spherix does not own the Patents-in-
     Suit, and that Spherix has never communicated with or interacted with the
     Plaintiffs. ...................................................................................................................5

2.   Rockstar is not and has never been Spherix's agent. Plaintiffs do not allege
     facts sufficient to establish an agency relationship. Rockstar's alleged
     actions are not attributable to Spherix. ..................................................................6

3.   Motion to Dismiss Under Rule 12(b)(1) – Lack of subject matter jurisdiction
     for lack of a case or controversy. ..........................................................................8

     3. 1   For subject matter jurisdiction over a claim for declaratory relief, there
             must be a real and substantial controversy between the parties. ...............9

     3.2    For Counts V–XVI, there is no actual controversy because Spherix does
             not own or have any interest in the subject patents....................................10

     3.3    For Counts II, III, and IV, there is no actual controversy between
             Plaintiffs and Spherix because Plaintiffs do not allege any conduct by
             Spherix that would give rise to an actual controversy................................11

4.   Motion to Dismiss Under Rule 12(b)(6) – Failure to state a claim upon
     which relief may be granted. .................................................................................12

     4.1    Count I (Breach of Contract) fails to state a claim against Spherix.
             Plaintiffs have pled no facts that would make Spherix liable for
             Rockstar's alleged breach of contract. .......................................................13

     4.2    Counts II, III, and IV (Declaratory Relief) fail to state a claim against
             Spherix. The allegations relate solely to Rockstar. ...................................13

     4.3    Counts V–XVI (declaratory claims for non-infringement) do not state a
             claim against Spherix because Plaintiffs do not allege that Spherix owns
             or has any interest in the relevant patents...................................................14

     4.4    Count XVII (Civil Conspiracy) does not state a claim against Spherix.
             Plaintiffs have not alleged a shared unlawful purpose and have not
             alleged an unlawful act in furtherance of the conspiracy...........................14

     4.5    Count XVIII (tortious interference with contract) does not state a claim
             against Spherix. ..........................................................................................16

CONCLUSION.................................................................................................................. 17

# TABLE OF CITATIONS

**Cases**

*3M Co. v. Avery Dennison Corp.*,
673 F.3d 1372 (Fed. Cir. 2012).................................................................................. 10

*AeroGlobal Capital Mgmt., LLC v. Cirrus Indus.*,
871 A.2d 428 (Del. 2005) ........................................................................................... 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................... 5

*AT&T v. Winback & Conserve Program, Inc.*,
42 F.3d 1421 (3d Cir. 1994).......................................................................................... 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................... 5

*Billops v. Magness Constr. Co.*,
391 A.2d 196 (Del. 1997) ............................................................................................. 8

*Binks v. DSL.net, Inc.*,
2010 Del. Ch. LEXIS 98 (Del. Ch. Apr. 29, 2010) ................................................... 15

*Covington v. Int'l Ass'n. of Approved Basketball Officials*,
710 F.3d 114 (3d Cir. 2013)........................................................................................... 8

*Creative Compounds, LLC v. Starmark Labs.*,
651 F.3d 1303 (Fed. Cir. 2011).................................................................................. 10

*Digene Corp. v. Ventana Med. Sys.*,
476 F. Supp. 2d 444 (D. Del. 2007)............................................................................ 14

*Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*,
2007 U.S. App. LEXIS 18113 (3d. Cir. July 9, 2007).................................................. 8

*Mars, Inc. v. Coin Acceptors, Inc.*,
527 F.3d 1359 (Fed. Cir. 2008) .................................................................................. 10

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)...................................................................................................... 9

*N.K.S. Distribs., Inc. v. Tigani*,
2010 Del. Ch. LEXIS 124 (Del. Ch. May 28, 2010) .................................................. 15

*Nicolet, Inc. v. Nutt*,
  525 A.2d 146 (Del. 1987) ................................................................................. 14

*Nutt v. A.C. & S. Co.*,
  517 A.2d 690 (Del. Super. Ct. 1986) ................................................................ 14

*Organic Seed Growers & Trade Ass'n v. Monsanto*,
  851 F. Supp. 2d 544 (2012) .............................................................................. 10

*Prasco, LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) .......................................................................... 9

*Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*,
  541 F. Supp. 2d 645 (D. Del. 2008) ................................................................ 4, 5

*U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*,
  473 F.3d 506 (3d Cir. 2007) ............................................................................ 4, 5

*TriState Courier & Carriage, Inc. v. Berryman*,
  2004 Del. Ch. LEXIS 43 (Del. Ch. Apr. 15, 2004) ............................................ 15

*WiAV Solutions LLC v. Motorola, Inc.*,
  631 F.3d 1257 (Fed. Cir. 2010) ...................................................................... 9, 10

## Statutes

28 U.S.C. § 2201(a) .................................................................................................. 9

35 U.S.C. § 261 ...................................................................................................... 16

## Other Authorities

Restatement (Third) of Agency § 2.03 ...................................................................... 7

Restatement (Third) of Agency § 3.03 ...................................................................... 8

## INTRODUCTION

Defendant Spherix Incorporated (Spherix) submits this Opening Brief in Support of its Motion to Dismiss and Joinder of Rockstar Consortium's and Constellation Technologies' Motion to Dismiss. (D.I. 20.) Spherix joins in each of the grounds for dismissing the Complaint set forth in the Rockstar Motion to Dismiss and Brief in Support (D.I. 20, 21), and incorporates those arguments and authorities as if fully set forth herein. Spherix submits this opening brief to address issues that are unique to Spherix.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed their Complaint on January 17, 2014. The Complaint alleges eleven Counts for declaratory relief of non-infringement related to eleven distinct United States patents, three additional counts for declaratory relief related to Rockstar's patent portfolio, and state law causes of action for breach of contract, civil conspiracy and tortious interference with contract.

## SUMMARY OF ARGUMENT

1.      The Court need only consider two undisputed facts to conclude that Spherix's motion to dismiss should be granted. **First**, Spherix does not own or control any of the "Patents-in-Suit" in this case (i.e., the patents that are the subject of Counts V–XVI seeking declaratory relief of non-infringement).[1] **Second**, Spherix never interacted with any of the Plaintiffs, in any way, prior to this lawsuit. Spherix never communicated with any of the Plaintiffs; and none of the Plaintiffs ever contacted Spherix to discuss a potential patent license.

---

[1] This brief will use the term "Patents-in-Suit" to refer to the eleven patents that are the subject of Counts V–XVI of the Complaint, seeking declaratory relief of non-infringement. Plaintiffs make generic allegations regarding the '990 Patent and '999 Patent, each of which is owned by Spherix. But these patents are not the subject of any declaratory claim for non-infringement. Instead, Spherix's patents are specifically referenced only in Count IV of the Complaint—a Count which does not contain any direct or indirect allegations against Spherix.

2.      Plaintiffs' own allegations establish each of these two critical facts—and these facts compel the Court to dismiss all counts of the Complaint as they relate to Spherix. For each of the declaratory judgment claims, there is no case or controversy because Spherix does not own the Patents-in-Suit. For the remaining claims, Plaintiffs' allegations are deficient because there is no allegation of wrongful conduct by Spherix, given the lack of any prior relationship between Plaintiffs and Spherix.

3.      To cast a wide net, Plaintiffs carefully word their allegations throughout the Original Complaint to treat all Defendants as a single group. But Spherix is an independent, publicly-traded company, and Rockstar's alleged actions cannot be attributed to Spherix. Plaintiffs make no allegations that justify treating Spherix as one with Rockstar and Rockstar's subsidiaries. Plaintiffs do not allege that Rockstar controls Spherix. Nor do Plaintiffs allege that Rockstar had actual authority to act on behalf of Spherix.

4.      Plaintiffs' only agency theory—their only hook for having Spherix in this case— is defective as a matter of law. Plaintiffs allege that Rockstar, as agent, had **apparent** authority to act for Spherix, based solely on the manifestations of authority given **by the purported agent, Rockstar**. For apparent authority, however, the manifestations of authority must come from the principal, not the agent. This is black letter law under both the Restatement of Agency and a plethora of common law cases from Delaware and elsewhere. But Plaintiffs never allege that Spherix provided any manifestation of Rockstar's authority to act on behalf of Spherix.

5.      When Spherix is considered as a separate legal entity—and Plaintiffs' allegations against "the Defendants" as a group are disaggregated—Plaintiffs' allegations against Spherix are revealed as illusory. Added altogether, Plaintiffs' allegations against Spherix amount to nothing more than an accusation that Spherix has purchased some patents from Rockstar—

2

*patents that are not any of the Patents-in-Suit in this case.* Plaintiffs never allege that Spherix

itself has interacted with any Plaintiff in an unfair manner—because Spherix has never even so

much as communicated with any of them prior to the filing of this lawsuit. Plaintiffs never even

pled that they contacted Spherix to obtain a patent license—because they did not.

6.      Each and every count of the Complaint must be dismissed as to Spherix. Each

purported claim fails either for lack of subject matter jurisdiction (due to lack of a case or

controversy) or because Plaintiffs have failed to allege the elements of a legally cognizable claim

against Spherix.

## FACTUAL BACKGROUND

Spherix Incorporated was launched in 1967 as a scientific research company.[2] Today, its

common stock is publicly traded on the NASDAQ Capital Market system under the symbol

SPEX.[3] For most of its history, Spherix has focused its operations on biotechnology research and

development. Its own research has led to numerous patents and patent applications relating to

innovative biotechnology inventions such as water purification, biodegradation management, and

the use of D-tagatose for food and potentially medical and environmental applications.[4]

Spherix recently expanded its operations into commercialization of technology in the

field of telecommunications.[5] As part of that work, Spherix acquired a portfolio of

telecommunications patents from Defendant Rockstar. On July 10, 2013, Spherix entered into a

Patent Purchase Agreement with Rockstar under which Spherix obtained seven patents related to

cordless telephone technology.[6] On December 21, 2013, Spherix entered into a separate

---

[2] *See* Declaration of Anthony Hayes (Hayes Decl.), Ex. A ¶ 4.
[3] *See id.*
[4] *See id.* ¶ 5.
[5] *See id.* ¶ 6.
[6] *See id.* ¶ 7.

agreement with Rockstar and acquired approximately 101 additional patents related to networking.[7]

None of Spherix's patents are the subject of Plaintiffs' requests for a declaratory judgment of non-infringement (Counts V–XVI).[8] Spherix has never accused any of the Plaintiffs of infringing any of Spherix's patents.[9] Indeed, Spherix has never communicated with or interacted with any of the Plaintiffs in any way.[10] Prior to the filing of this lawsuit, there was no relationship or communication between Spherix and any of the Plaintiffs.[11] Moreover, Rockstar is not and has never been an agent of Spherix.[12]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to bring a motion to dismiss a complaint for lack of subject-matter jurisdiction. A challenge to jurisdiction can be either facial or factual.[13] A facial challenge asserts that the allegations in the pleadings are insufficient to establish jurisdiction. A factual challenge, on the other hand, asserts that there is no underlying factual basis supporting the Court's jurisdiction.[14] When either type of challenge to jurisdiction is presented, the burden of proof rests on the Plaintiff to establish the Court's jurisdiction.[15] In deciding a facial challenge, the Court should limit its review to the allegations

---

[7] *See id.* ¶ 8.
[8] *See id.* ¶¶ 3, 9–10.
[9] *See id.* ¶ 12.
[10] *See id.* ¶ 14.
[11] *See id.* ¶ 11.
[12] *See id.* ¶¶ 15–16.
[13] *See U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).
[14] *See id.*
[15] *See Samsung Elecs. Co., Ltd. v. ON Semiconductor Corp.*, 541 F. Supp. 2d 645, 648 (D. Del. 2008).

of the Complaint, and should take the well-pled allegations as true.[16] For a factual challenge, the Court may consider evidence outside the pleadings and make factual determinations.[17]

In this motion to dismiss, Spherix presents both a facial and factual 12(b)(1) challenge to the Court's jurisdiction. Spherix challenges the sufficiency of Plaintiffs' allegations in establishing jurisdiction; and Spherix also presents sworn testimony via the declaration of Anthony Hayes to create a factual challenge to the Court's jurisdiction.[18]

A motion under Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the Plaintiffs' pleading. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] To survive a motion to dismiss, the complaint must contain "more than labels and conclusions, " [] a formulaic recitation of the elements of a cause of action will not do . . . ."[20] "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice."[21]

## ARGUMENT

**1. Plaintiffs' own allegations confirm that Spherix does not own the Patents-in-Suit, and that Spherix has never communicated with or interacted with the Plaintiffs.**

For each of the patents for which Plaintiffs seek a declaration of non-infringement (Counts V–XVI of the Complaint), Plaintiffs affirmatively allege that these Patents-in-Suit are owned by either Rockstar or Constellation. In paragraph 95, Plaintiffs allege:

---

[16] *See Atkinson*, 473 F.3d at 514; *Samsung*, 541 F. Supp. 2d at 648.

[17] *See Atkinson*, 473 F.3d at 514; *Samsung*, 541 F. Supp. 2d at 648.

[18] Because evidence outside the pleadings should not be considered for purposes of a 12(b)(6) motion to dismiss for failure to state a claim, Spherix does not urge the Court to consider the Anthony Hayes declaration in conjunction with the 12(b)(6) motion.

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[21] *Iqbal*, 556 U.S. at 678.

95.    Upon information and belief, Rockstar currently owns all right, title, and interest in the '474, '862, '197, '990, '893, '397, '253, and '999 patents, and Constellation currently owns all right, title, and interest in the '649, '389, '048, '879, '917, and '299 patents.

Plaintiffs never make any allegation that Spherix owns or controls these patents in any way.[22]

Moreover, Plaintiffs make detailed allegations regarding their communications with and interactions with Rockstar. But nowhere in the Complaint do Plaintiffs allege that they have ever interacted with Spherix *in any way*. Plaintiffs do not allege that Spherix has ever contacted them regarding patent licensing, sent a cease and desist letter, made allegations regarding infringement, or done anything to create an apprehension of a patent infringement lawsuit. Nor do Plaintiffs allege that they have ever spoken with Spherix about patent licensing, or that Spherix has refused to provide a license to its patents (on FRAND terms or otherwise).

The Complaint is devoid of any such allegations because, as a factual matter, Spherix had never interacted with the Plaintiffs in any way prior to the filing of this lawsuit.[23] Plaintiffs cannot, consistent with their Rule 11 obligations, allege any sort of prior relationship with Spherix.

**2.    Rockstar is not and has never been Spherix's agent. Plaintiffs do not allege facts sufficient to establish an agency relationship. Rockstar's alleged actions are not attributable to Spherix.**

In an attempt to overcome their inability to allege facts related to Spherix's own conduct, Plaintiffs' Complaint simply fails to treat Spherix as a separate legal entity. Throughout the

---

[22] As previously stated, Spherix purchased the '990 and '999 patents from Rockstar. Therefore, Plaintiffs' allegations regarding these two patents are factually incorrect. However, as stated, neither of those patents is the subject of any Count seeking a declaration of non-infringement. Although Count IV mentions these two patents, it does not contain any direct or indirect allegations against Spherix—nor could it—as there is no basis for subject matter jurisdiction with respect to any of the declaratory judgment claims.

[23] *See* Hayes Decl. ¶¶ 11–14.

Complaint, Plaintiffs make general allegations against "Defendants,"[24] or else assert that

Rockstar was acting as an agent of Spherix.[25] But Plaintiffs never allege any basis for attributing

Rockstar's alleged conduct to Spherix. Plaintiffs never attempt to allege that Rockstar controls

the activities of Spherix or assert any basis for disregarding the legal separateness of the two

entities. Likewise, Plaintiffs do not assert that Rockstar ever had actual authority to act as an

agent on behalf of Spherix.

Instead, Plaintiffs' only allegation of agency is an assertion of ***apparent*** authority

purportedly created solely by Rockstar's own alleged conduct. In paragraph 94, Plaintiffs allege:

> 94.    By engaging in negotiations to license not only its own patents but also
> those it has apparently assigned to other Defendants, Rockstar representatives were purporting to
> act not only on behalf of itself, but also on behalf of Constellation, Bockstar and Spherix.

This allegation of apparent authority is legally deficient, because only the actions of the

purported principal can be used to establish apparent authority. According to the Restatement,

apparent authority is defined as follows:

> Apparent authority is the power held by an agent or other actor to affect a
> principal's legal relations with third parties when a third party reasonably
> believes the actor has authority to act on behalf of the principal ***and that belief
> is traceable to the principal's manifestations***.[26]

The Restatement further makes clear that only the principal, and not the purported agent alone,

can create apparent authority:

---

[24] *See, e.g.,* D.I. 1 ¶ 12 ("These activities by or on behalf of Defendants create an immediate,
definite, concrete and substantial dispute . . . ."); ¶ 14 ("Defendants' refusal to honor its FRAND
licensing obligations"); ¶ 68 ("Plaintiffs have a sufficient reasonable apprehension that they will
face suit on these additional patents by Defendant(s) . . . ."); ¶ 85 ("Defendants have filed
multiple lawsuits . . . .").
[25] *See, e.g.,* D.I. 1 ¶ 102 ("Rockstar and the remaining Defendants acting by or through Rockstar
. . . .); ¶¶ 4, 8, 108, 109, 116, 117 ("Rockstar, for itself and on behalf of its assignees
Constellation, Bockstar and Spherix . . . .").
[26] Restatement (Third) of Agency § 2.03 (emphasis added).

> Apparent authority, as defined in §2.03, is created by a person's ***manifestation that another has authority to act with legal consequences for the person who makes the manifestation***, when a third party reasonably believes the actor to be authorized and the belief is traceable to the manifestation.[27]

The Restatement is expressly cited in and/or is in accord with a plethora of case authority from Delaware and from other jurisdictions.[28] This rule is black-letter law.

Plaintiffs' allegations of apparent authority never identify any action or conduct ***by Spherix*** which is alleged to be a manifestation of Rockstar's authority to act on behalf of Spherix. Instead, paragraph 94 merely alleges that "Rockstar representatives were purporting to act not only on behalf of itself, but also on behalf of . . . Spherix." Plaintiffs' allegations, even if taken as true, are legally insufficient to establish apparent authority, and therefore provide no basis for attributing Rockstar's alleged conduct to Spherix.

3. **Motion to Dismiss Under Rule 12(b)(1) – Lack of subject matter jurisdiction for lack of a case or controversy.**

Spherix moves to dismiss each of the declaratory judgment counts (Counts II–XVI) for lack of subject matter jurisdiction. Plaintiffs lack standing to bring each of these claims against Spherix because there is no real or substantial controversy.

---

[27] *Id.* at § 3.03 (emphasis added).

[28] *See, e.g. Covington v. Int'l Ass'n. of Approved Basketball Officials*, 710 F.3d 114, 120 (3d Cir. 2013) ("Apparent authority arises in those situations where *the principal* causes persons with whom the agent deals to reasonably believe that the agent has authority . . . .") (emphasis added); *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 2007 U.S. App. LEXIS 18113, at *9 (3d Cir. July 9, 2007) ("As with actual authority, apparent authority is only established through ***manifestations by the principal,*** and a third party's belief that the agent is authorized must be 'traceable to the manifestation.'") (citing the Restatement); *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1440 (3d Cir. 1994) ("Under the doctrine of apparent authority, the district court should have looked to *the principal's actions* and the third parties' reasonable beliefs.") (emphasis added); *Billops v. Magness Constr. Co.*, 391 A.2d 196, 198 (Del. 1997) ("In order to establish a chain of liability to the principal based upon apparent agency, a litigant must show reliance on the indicia of authority ***originated by the principal*** . . . .") (emphasis added).

### 3. 1    For subject matter jurisdiction over a claim for declaratory relief, there must be a real and substantial controversy between the parties.

The Declaratory Judgment Act provides: "***In a case of actual controversy*** within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[29]  However, because "[t]he Declaratory Judgment Act is not an independent basis for subject matter jurisdiction," the Court must have jurisdiction from some other source.[30]

The Court's "jurisdiction is limited by Article III of the Constitution, which restricts federal judicial power to the adjudication of 'Cases' or 'Controversies.'"[31]  "The doctrine of constitutional standing serves to identify which disputes fall within these broad categories and therefore may be resolved by a federal court."[32] While "there is no bright-line rule for determining whether an action satisfies the case or controversy requirement," the Supreme Court has held that the proper test for determining subject matter jurisdiction in declaratory judgment actions involving intellectual property is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[33]

In patent cases, the Federal Circuit has refined the determination of an "actual controversy" to require a declaratory judgment plaintiff to allege "***an affirmative act by the***

---

[29] 28 U.S.C. § 2201(a) (emphasis added).
[30] *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) (internal citation omitted).
[31] *Id.* (citing U.S. Const. art. III, § 2).
[32] *WiAV Solutions LLC v. Motorola, Inc.*, 631 F.3d 1257, 1263–64 (Fed. Cir. 2010).
[33] *Prasco*, 537 F.3d at 1336 (Fed. Cir. 2008) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, 771 (2007) (establishing a "totality of the circumstances" test for determining declaratory jurisdiction in intellectual property cases)).

*patentee relating to the enforcement of his patent rights.*"[34] The element of an "affirmative act by the patentee" ensures that the parties have sufficiently adverse legal interests.[35] To establish sufficiently adverse legal interests that could form the basis of a complaint for declaratory judgment, the Federal Circuit requires "an underlying legal cause of action *that the declaratory defendant could have brought or threatened to bring*, if not for the fact that the declaratory plaintiff had preempted it."[36]

### 3.2     For Counts V–XVI, there is no actual controversy because Spherix does not own or have any interest in the subject patents.

Each of Counts V–XVI seeks declaratory relief of non-infringement for a separate patent. But, as discussed above, the Complaint affirmatively alleges that Rockstar and Constellation own these patents, and never alleges that Spherix has any ownership or other interest in these patents. Plaintiffs cannot allege Spherix's ownership of these patents because Spherix simply does not own them.[37] Accordingly, there is no underlying legal cause of action that Spherix could bring or threaten to bring against Plaintiffs related to these patents.[38] Thus, there cannot be an actual controversy between Plaintiffs and Spherix with respect to these patents as a matter of law. These Counts, as they relate to Spherix, must be dismissed.

---

[34] *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (emphasis added).
[35] *Organic Seed Growers & Trade Ass'n v. Monsanto*, 851 F. Supp. 2d 544, 550–51 (2012).
[36] *Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1316 (Fed. Cir. 2011) (internal quotation marks omitted) (emphasis added).
[37] *See* Hayes Decl. ¶ 10.
[38] *See WiAV Solutions*, 631 F.3d at 1265 ("[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury.); *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008) ("Only a patent owner or an exclusive licensee can have constitutional standing to bring an infringement suit.").

**3.3    For Counts II, III, and IV, there is no actual controversy between Plaintiffs and Spherix because Plaintiffs do not allege any conduct by Spherix that would give rise to an actual controversy.**

Counts II, III, and IV of Plaintiffs' Complaint seek declaratory relief related to Rockstar's patent portfolio of approximately 4,000 patents. These Counts have nothing to do with Spherix, and they should be dismissed inasmuch as they purport to state claims against Spherix because they do not present an actual case or controversy giving rise to federal court jurisdiction.

Count II seeks a declaration that Rockstar's patents are subject to FRAND licensing terms. Plaintiffs allege that "Rockstar, for itself and on behalf of its assignees Constellation, Bockstar and Spherix, has publicly repudiated its duty to honor Nortel's express and implied FRAND licensing commitments . . . ."[39] But, as discussed above, there is no basis for attributing Rockstar's alleged conduct to Spherix. Plaintiffs do not allege that Rockstar had actual authority to act on behalf of Spherix; and Plaintiffs' apparent authority allegations are legally defective. As a factual matter, Rockstar has never acted as Spherix's agent, and has never been given authority by Spherix to act as its agent.[40] Spherix has never authorized Rockstar to act on its behalf— Rockstar is not and has never been an agent for Spherix.[41] Spherix has never given Rockstar any ability, express or implied, to act as an agent for Spherix.[42] There has never been any agreement, express or implied, that Rockstar had any ability to license patents for Spherix.[43] Other than this vague assertion of agency, Count II is devoid of any allegations relating to Spherix. Accordingly, there is no case or controversy between Plaintiffs and Spherix in relation to Count II.

Count III seeks a declaration "of the Parties' respective rights" stemming from Rockstar's alleged refusal to identify each and every patent in its portfolio of 4,000 patents that Rockstar

---

[39] D.I. 1 ¶ 108.
[40] *See* Hayes Decl. ¶¶ 15–16.
[41] *See id.* ¶ 15.
[42] *See id.*
[43] *See id.*

11

believes Plaintiffs are infringing. But again, Count III contains no allegations directed at Spherix. Plaintiffs instead attempt to manufacture a controversy involving Spherix by asserting that Rockstar acted as Spherix's agent. Plaintiffs allege: "Rockstar, for itself and on behalf of its assignees Constellation, Bockstar and Spherix, has accused Plaintiffs of infringing the communications technology patents . . . ."[44] They further allege: "Rockstar, for itself and for its assignees, has refused to identify the entire list of patents . . . that it accuses Plaintiffs of infringing."[45] As can be seen, these are not allegations against Spherix—they are allegations against Rockstar. Plaintiffs cannot attribute this alleged conduct to Spherix because Plaintiffs' allegations of agency are legally defective. There is no case or controversy between Plaintiffs and Spherix as to Count III.

Count IV seeks a declaration that Plaintiffs have a license to certain Rockstar patents, or else that Rockstar's patent rights have been exhausted. Plaintiffs' allegations in Count IV are expressly directed at Rockstar alone. Plaintiffs do not make agency allegations or otherwise attempt to attribute Rockstar's alleged conduct to Spherix in Count IV. Instead, Count IV, on its face, is directed solely to Rockstar.[46] Accordingly, the Court should dismiss Count IV from this case as it relates to Spherix because there is no case or controversy involving Spherix.

## 4. Motion to Dismiss Under Rule 12(b)(6) – Failure to state a claim upon which relief may be granted.

Spherix further moves to dismiss each and every Count of Plaintiffs' Complaint for failure to state a claim upon which relief may be granted.

---

[44] D.I. 1 ¶ 116.

[45] *Id.* ¶ 117.

[46] *See, e.g.* D.I. 1 ¶ 123 ("An actual controversy exists between Plaintiffs and Rockstar . . . ."); ¶ 124 (alleging the dispute is ripe for adjudication "because Rockstar has insisted that Plaintiffs infringe . . . .); ("In light of Rockstar's allegations of infringement . . . ."); ¶ 129 ("Plaintiff hereby requests a declaration . . . that Rockstar's rights . . .are expressly or impliedly licensed to Plaintiffs and/or exhausted . . . .").

**4.1     Count I (Breach of Contract) fails to state a claim against Spherix. Plaintiffs have pled no facts that would make Spherix liable for Rockstar's alleged breach of contract.**

Defendants Rockstar and Constellation moved to dismiss Count I on grounds that Plaintiffs fail to sufficiently allege the existence of a specific contract, and also that they fail to sufficiently allege a breach of any contract.[47] Spherix expressly joins in Rockstar's motion to dismiss on these grounds.

In addition, Count I fails to state a claim against Spherix because it improperly attempts to attribute Rockstar's alleged conduct to Spherix. Plaintiffs allege that "Rockstar and the remaining Defendants acting by or though Rockstar breached their express and implied FRAND licensing commitments . . . ."[48] But as previously discussed, Plaintiffs' agency allegations are defective. Accordingly, Count I fails to allege that Spherix breached any contractual obligation, and should therefore be dismissed for failure to state a claim against Spherix.

**4.2     Counts II, III, and IV (Declaratory Relief) fail to state a claim against Spherix. The allegations relate solely to Rockstar.**

Defendants Rockstar and Constellation moved to dismiss Counts II, III, and IV on various grounds related to the deficiency of these allegations and failure to state a legal claim.[49] Spherix expressly joins in Rockstar's motion to dismiss on each of the grounds presented.

In addition, each of these Counts fails to state a claim against Spherix because Plaintiffs' allegations relate solely to Rockstar's alleged conduct. As previously discussed, in Counts II and III, Plaintiffs merely attempt to attribute Rockstar's alleged conduct to Spherix via defective agency allegations.[50] In Count IV, Plaintiffs do not even attempt to attribute Rockstar's alleged

---

[47] *See* D.I. 21 at 13–16.
[48] D.I. 1 ¶ 102.
[49] *See* D.I. 21 at 5–11, 13–16.
[50] *See* Section 3.3, *infra.*

conduct to Spherix or otherwise assert this claim against Spherix.[51] Accordingly, none of these Counts state a claim against Spherix and should be dismissed.

### 4.3 Counts V–XVI (declaratory claims for non-infringement) do not state a claim against Spherix because Plaintiffs do not allege that Spherix owns or has any interest in the relevant patents.

As previously discussed, Plaintiffs never allege that Spherix owns or has any interest in any of the patents that are the subject of Counts V–XVI.[52] To the contrary, Plaintiffs affirmatively alleged that Rockstar and Constellation own these patents.[53] Accordingly, Counts V–XVI fail to state a claim against Spherix, and should be dismissed under Rule 12(b)(6).

### 4.4 Count XVII (Civil Conspiracy) does not state a claim against Spherix. Plaintiffs have not alleged a shared unlawful purpose and have not alleged an unlawful act in furtherance of the conspiracy.

Defendants Rockstar and Constellation moved to dismiss Count XVII because it does not adequately allege a cognizable underlying tort.[54] Spherix expressly joins in the motion to dismiss on this basis.

In addition, Spherix moves to dismiss Count XVII because it does not allege any wrongful conduct by Spherix. "Under Delaware law, civil conspiracy requires: '(1) A confederation or combination of two or more persons; (2) An unlawful act done in furtherance of the conspiracy; and (3) Actual damage.' 'Civil conspiracy is not an independent cause of action in Delaware, but requires an underlying wrong which would be actionable absent the conspiracy.'"[55] Plaintiffs have failed to adequately plead either of the first two elements.

---

[51] *See id.*
[52] *See* Section 3.2, *infra.*
[53] *Id.*
[54] *See* D.I. 21 at 17–18.
[55] *Digene Corp. v. Ventana Med. Sys.*, 476 F. Supp. 2d 444, 446 (D. Del. 2007) (citing *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149–50 (Del. 1987) and *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 694 (Del. Super. Ct. 1986)) (dismissing a claim of civil conspiracy against a patent license

"To prove the first element, a plaintiff 'must establish facts suggesting "knowing participation" among the conspiring partners.'"[56] Scienter, with respect to "knowing participation," must be established by showing that there was some object to be accomplished and a meeting of the minds with respect to that object.[57] The "object"—as Delaware law makes clear—must be the shared purpose of **both** conspirators.[58]

In this case, Plaintiffs have not alleged that Spherix and Rockstar, as counterparties to an arms-length transaction for the sale of patents, had a shared intention to accomplish an unlawful objective. The Complaint alleges nothing more than that Spherix and Rockstar reached an agreement regarding the sale of some patents. The Complaint does not allege that Spherix shared an intention with Rockstar to avoid FRAND obligations, breach a contract, tortiously interfere with a contract, or anything else improper. Without an allegation that the parties shared an unlawful intention, the allegations are legally defective.[59]

Moreover, Plaintiffs fail to allege that Spherix committed any unlawful act in furtherance of the alleged conspiracy. The Complaint erroneously states that "[t]he mere fact that patents have been assigned or sold constitutes an unlawful act in furtherance of the unlawful agreement."[60] But the sale of a patent is a lawful activity that is expressly authorized by federal

---

purchaser). *See also*, *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus.*, 871 A.2d 428, 437 n.8 (Del. 2005).

[56] *N.K.S. Distribs., Inc. v. Tigani*, 2010 Del. Ch. LEXIS 124, at *16 (Del. Ch. May 28, 2010) (citing *Binks v. DSL.net, Inc.*, 2010 Del. Ch. LEXIS 98, 2010 WL 1713629, at *11 (Del. Ch. Apr. 29, 2010)).

[57] *Binks v. DSL.net, Inc.*, 2010 Del. Ch. LEXIS 98, at *41–42 (Del. Ch. Apr. 29, 2010).

[58] *TriState Courier & Carriage, Inc. v. Berryman*, 2004 Del. Ch. LEXIS 43, at *52 n.143 (Del. Ch. Apr. 15, 2004) ("The **combination** must be undertaken *in furtherance of some unlawful purpose*.") (emphasis added).

[59] *Binks*, 2010 Del. Ch. LEXIS at *42 ("[Plaintiff] has failed to allege adequately any relationship between [the parties] beyond *ipse dixit* speculation, much less any understanding or overt combination between them to [engage in an unlawful act].").

[60] D.I. 1 ¶ 224.

statute.[61] Merely buying a patent, standing alone, cannot then serve as the alleged "unlawful conduct" for civil conspiracy liability. Plaintiffs do not allege facts that would explain or justify why this expressly legal act would be sufficient to constitute an unlawful act in furtherance of a conspiracy. Plaintiffs' civil conspiracy allegations are therefore defective and Count XVII should be dismissed as to Spherix.

### 4.5    Count XVIII (tortious interference with contract) does not state a claim against Spherix.

Defendants Rockstar and Constellation urge several grounds for dismissal of Count XVIII, and Spherix expressly joins each of them. First, Rockstar moves to dismiss on grounds that Plaintiffs do not sufficiently allege the existence of a contract.[62] Second, Rockstar moves to dismiss because Plaintiffs do not allege an intentional act that caused a breach of a contract.[63] Third, Rockstar moves to dismiss based on Plaintiffs' failure to allege a lack of justification.[64]

Each of these grounds for dismissal is equally applicable to Spherix. Count XVIII is particularly deficient in failing to identify any breach of contract. The Complaint does not allege that any of the Defendants, including Spherix, have refused or failed to live up to any applicable FRAND obligations (or that any Plaintiff has ever requested a license on FRAND terms). Like Rockstar and its subsidiaries, Spherix also intends to fulfill any FRAND obligations attached to patents it owns.[65]

---

[61] *See* 35 U.S.C. § 261 ("Subject to the provisions of this title, patents shall have the attributes of personal property. Applications for patent, patents, or any interest therein, shall be assignable in law by an instrument in writing. The applicant, patentee, or his assigns or legal representatives may in like manner grant and convey an exclusive right under his application for patent, or patents, to the whole or any specific part of the United States.").

[62] *See* D.I. 21 at 18.

[63] *Id.*

[64] *Id.* at 18–19.

[65] *See* Hayes Decl. ¶ 14.

Plaintiffs' allegations in Count XVIII amount to no more than an allegation that Spherix

has purchased patents from Rockstar. Standing alone, this cannot be the basis for tortious

interference liability.

## CONCLUSION

For the foregoing reasons, Spherix's Motion to Dismiss Plaintiffs' Complaint should be

granted, and Spherix should be dismissed from this case altogether.


OF COUNSEL                                          YOUNG CONWAY STARGATT & TAYLOR, LLP

Donald Puckett                                      /s/ Adam W. Poff
**SKIERMONT PUCKETT LLP**                           Adam W. Poff (No. 3990)
2200 Ross Avenue, Suite 4800W                       Monte T. Squire (No. 4764)
Dallas, Texas 75201                                 Gregory J. Brodzik (No. 5722)
(214) 978-6600 Telephone                            Rodney Square
(214) 978-6601 Facsimile                            100 N. King Street
donald.puckett@skiermontpuckett.com                 Wilmington, Delaware 19801
                                                    (302) 571-6600 Telephone
Date: April 7, 2014                                 (302) 571-1253 Facsimile
                                                    apoff@ycst.com
                                                    msquire@ycst.com
                                                    gbrodzik@ycst.com

                                                    *Counsel for Spherix Incorporated*

17

## <u>CERTIFICATE OF SERVICE</u>

I, Adam W. Poff, hereby certify that on April 7, 2014, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Rodger D. Smith, II, Esquire
> Jeremy A. Tigan, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899-1347
> *rsmith@mnat.com*
> *jtigan@mnat.com*
>
> *Attorneys for Plaintiffs*
>
> Brian E. Farnan, Esquire
> Farnan LLP
> 919 North Market Street, 12th Floor
> Wilmington, DE 19801
> *bfarnan@farnanlaw.com*
>
> *Attorneys for Defendants*
> *Rockstar Consortium US LP and*
> *Constellation Technologies LLC*

I further certify that on April 7, 2014, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel and on the following:

01:14987201.1

Thomas L. Duston, Esquire
Kevin D. Hogg, Esquire
John R. Labbé, Esquire
Benjamin T. Horton, Esqire
Marshall, Gerstein Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL  60606
*tduston@marshallip.com*
*khogg@marshallip.com*
*jlabbe@marshallip.com*
*bhorton@marshallip.com*

*Attorneys for Plaintiff Charter Communications, Inc.*

William Ray Price, Jr., Esquire
Jennifer E. Hoekel, Esquire
Richard L. Brophy, Esquire
Mark A. Thomas, Esquire
Armstron Teasdale LLP
7700 Forsyth Blvd. Suite 1800
St. Louis, MO  63105
*rprice@armstrongteasdale.com*
*jhoekel@armstrongteasdale.com*
*rbrophy@armstrongteasdale.com*
*mathomas@armstrongteasdale.com*

*Attorneys for Plaintiffs WideOpenWest Finance LLC
a/k/a WOW! Internet, Cable & Phone, Knology, Inc. and Cequel
Communications LLC d/b/a Suddenlink Communications*

Charles W. Steese, Esquire
IJay Palansky, Esquire
Steese, Evans & Frankel, P.C.
6400 Fiddlers Green Circle, Sluite 1820
Denver, CO  80111
*csteese@s-elaw.com*
*ipalansky@s-elaw.com*

*Attorneys for Plaintiffs WideOpenWest Finance LLC
a/k/a WOW! Internet, Cable & Phone and Knology, Inc.*

Jason Sheasby, Esquire
Melissa R. McCormick, Esquire
Alan Heinrich, Esquire
Joseph M. Lipner, Esquire
Benjamin W. Hattenbach, Esquire
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
*Jsheasby@irell.com*
*mmccormick@irell.com*
*aheinrich@irell.com*
*jlipner@irell.com*
*bhattenbach@irell.com*

*Attorneys for Defendants*
*Rockstar Consortium US LP and*
*Constellation Technologies LLC*

Dated:   April 7, 2014

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

*/s/  Adam W. Poff*
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
apoff@ycst.com

*Attorneys for Defendant Sphrerix*
*Incorporated*

3